**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ATHENS DIVISION**

| | | |
|---|---|---|
| **JOSHUA OLIVER,** | : | |
| | : | |
| **Plaintiff** | : | |
| | : | |
| v. | : | 3:06-CV-110 (WDO) |
| | : | |
| **BOARD OF REGENTS OF THE** | : | SEALED CASE |
| **UNIVERSITY SYSTEM OF GEORGIA** | : | |
| **and MICHAEL ADAMS, in his official** | : | |
| **capacity as President of the University of** | : | |
| **Georgia,** | : | |
| | : | |
| **Defendants** | : | |

**ORDER**

On February 7, 2003, Plaintiff Josh Oliver, a University of Georgia student, negotiated a "first offender" treatment for an "assault with intent to rape" charge pursuant to O.C.G.A. § 42-8-60. He was placed on probation for ten years. "A first offender's guilty plea does not constitute a 'conviction' as that term is defined in the Criminal Code of Georgia." Davis v. State, 537 S.E.2d 663, 663 (Ga. 2000) (citing OCGA § 16-1-3(4)) (other citation omitted). Pursuant to O.C.G.A. § 42-1-12[1], the Georgia Bureau of Investigation listed Plaintiff on its public "sex offender" registry. On April 17, 2006, Plaintiff's probation officer filed a Petition for Discharge pursuant to the First Offender Act, Judge Lawton Stephens approved the petition and Plaintiff Oliver was discharged from probation.

---

[1]This statute requires the GBI to list First Offenders on the registry until the probation is served and/or discharged.

1

On May 5, 2005, Plaintiff filled out an online application to transfer to The University of Georgia. Plaintiff was accepted to the University and began attending classes. On or about April 4, 2006, Plaintiff received a letter from Kimberly Ellis, Associate Dean of Students, alleging violations of the University's Code of Conduct. Plaintiff was informed that his status as a "sex offender" had been discovered by the University and that the University believed Plaintiff had falsely filled out his application when he stated he had not been convicted of any offenses. Plaintiff was therefore suspended.

On April 4, 2006, the University held what is known as "Open Mic" night with President Michael Adams. During the Open Mic, President Adams announced that the University had dismissed the "sex offender," meaning Plaintiff Josh Oliver, because he had misrepresented himself on his application and that misrepresenting one's self on an application is a "dismissable" offense. President Adams also announced that the school administration was doing "cross checks" on other admissions. Plaintiff contends this shows President Adams was biased against him, was motivated by public pressure to suspend or expel him and therefore wrongfully prejudged his case.

A student judiciary hearing took place on April 12, 2006. The Hearing Panel found no violation of Regulation II (3) which prohibits "Causing, condoning, or encouraging the completion of any University record, document or form dishonestly," but found a violation of Regulation II (1) which prohibits "Furnishing false information to any University official or office." The audio tape that contains the Hearing Panel's specific factual findings reveals the Panel found Plaintiff had "no intent to deceive" the University. On April 18, 2006,

Plaintiff filed an appeal. On April 26, 2006, Plaintiff received two letters that denied his Appeal, the first one incorrectly stated the Hearing Panel found Plaintiff in violation of both charges and the second one corrected that point. On May 4, 2006, Plaintiff filed an application for review to President Adams who denied Plaintiff's application on May 17, 2006. On June 5, 2006, Plaintiff filed a request for review with the Board of Regents. On September 18, 2006, Plaintiff received the September 13, 2006 Final Decision from the Board of Regents denying his application for review.

Plaintiff immediately ceased attending classes and filed a lawsuit on September 20, 2006 in the Superior Court of Clarke County, Georgia alleging various state and federal claims. After a hearing on September 26, 2006, the court granted Plaintiff's TRO to expire on October 26, 2006, and a hearing was scheduled for October 13, 2006. Shortly before the October 13th hearing, Defendants removed the case to this court. On October 24, 2006, by Consent Order, Plaintiff dismissed his federal claims without prejudice and the case was remanded to the Superior Court. Plaintiff's counsel immediately filed an emergency motion to extend the TRO, which the Court granted on October 25, 2006 over Defendants' objection. A hearing was held November 17, 2006 at which time Plaintiff called Dr. Adams and another witness for cross-examination. The audio tape of the student hearing was admitted along with other evidence. The Court extended the TRO until December 14, 2006, the final day of the semester. On November 29, 2006, Plaintiff filed his Second Amended Complaint reasserting his federal claims. On December 13, 2006, Defendants removed the case to this Court. The matter is now before this Court on the Plaintiff's request for a preliminary

injunction to allow him to continue to attend classes and participate fully as a student. Plaintiff is already registered for and has already paid for next semester and only awaits a resolution of his claims before this Court, or a resolution of the claims by the parties.

A party seeking a preliminary injunction must prove: "(1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury if the injunction were not granted, (3) that the threatened injury to the plaintiff outweighs the harm an injunction may cause the defendant, and (4) that granting the injunction would not disserve the public interest." Suntrust Bank v. Houghton Mifflin Co., 268 F.3d 1257, 1265 (11th Cir. 2001) (citation omitted).

Plaintiff is entitled to a preliminary injunction in this case because of the potentially serious harms involved. There is no evidence Plaintiff intended to deceive the University and the Hearing Panel found "no intent to deceive." While it appears Plaintiff did not answer the online application as the University interprets the application, Plaintiff did not intend to mislead the University in any way and even acted on the advice of counsel when filling out the application. Pursuant to the First Offender Act and its interpretation by the courts of this State, Plaintiff has not been convicted of any crimes but was required to enter a temporary, conditional plea of guilty during the time he was serving his term of probation. The Georgia courts have not interpreted this as a "plea of guilty" as that term is commonly understood. Plaintiff has established a substantial threat of irreparable injury if a preliminary injunction is not granted. Plaintiff is facing far more than mere injuries in terms of money, time and energy, as in most cases, but is facing what can truly constitute an irreparable injury.

4

Sampson v. Murray, 415 U.S. 61, 90, 94 S. Ct. 937, 953, 39 L. Ed.2d 166 (1974); Suntrust, 268 F.3d at 1276 ("harms that may be remedied through the award of monetary damages are not considered 'irreparable'") (citation omitted). Plaintiff is in imminent danger of being potentially wrongfully suspended from continued enrollment, having his education indefinitely derailed and having his reputation forever harmed. Considering the unique facts and posture of this case, there is *no* possibility of adequate compensatory or other corrective relief available at a later date. Plaintiff has shown that the threatened injury to him outweighs the harm an injunction may cause the Defendants and that granting the injunction would not disserve the public interest. The potential harms set forth above clearly outweigh any harm to the Defendants, and the Court notes the Defendants have pointed to no evidence of any harm that would befall them if Plaintiff is allowed to attend school during the pendency of this litigation. There is no evidence whatsoever that during the time Plaintiff was serving his probation or since that he was a danger to anyone in the community.

Based on the foregoing, Plaintiff's motion for a Preliminary Injunction is GRANTED. The defendants, their officers, agents, servants, employees and attorneys ARE HEREBY PRELIMINARILY ENJOINED from taking any action, directly or indirectly, to carry out the decision and/or sanction of the Hearing Panel dated April 12, 2006, or otherwise to prevent Plaintiff from registering for classes, attending classes and maintaining his current enrollment status at The University of Georgia, based on his response to the application question at issue, during the pendency of this case. No bond shall be required. This Preliminary Injunction shall remain in full force and effect until further other order of the

Court. The parties are reminded that **THIS MATTER IS SEALED** and shall remain sealed until further order of the Court.

**SO ORDERED this 22nd day of December, 2006.**


**S/**
**WILBUR D. OWENS, JR.**
**UNITED STATES DISTRICT JUDGE**